IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Stephen Omogbehin,<br><br>      Plaintiff,<br><br> v.<br><br>Dimensions International, Inc.<br>and Flight Dimensions<br>International, Inc. d/b/a<br>Flight Explorer,<br><br>      Defendants. | Civil No. 08-3939(NLH)(KMW)<br><br>**OPINION** |

**HILLMAN**, District Judge

  This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. For the reasons expressed below, Defendant's Motion will be granted.

### BACKGROUND

  Plaintiff, Stephen Omogbehin, a Nigerian-born African male, was employed by Defendant, Flight Dimensions International, Inc. d/b/a Flight Explorer ("Flight Dimensions"),[1] for approximately six months before being terminated on May 24, 2006.[2] In his

---

[1] The Complaint also names Dimensions International, Inc. as a defendant. Although the plaintiff requested and the clerk issued a summons as to Dimensions International, Inc. no appearance has been entered on their behalf and it does not appear they were served. In any event, there appears to be no stand alone claim against this entity and both parties appear to treat both defendants as one party.

[2] Although Plaintiff's Complaint alleges that he received a letter of termination on March 24, 2006, Flight Dimensions

1

Complaint, Plaintiff claims that his termination was motivated by discrimination based on race and national origin in violation of both Title VII, 42 U.S.C. § 2000e et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:S-1 et seq. Additionally, Plaintiff alleges that his termination was in retaliation for an Equal Employment Opportunity ("EEO") claim he filed against a previous employer in violation of Title VII.

In the instant motion, Defendant argues that all of Plaintiff's claims should be dismissed because they are time-barred.  Additionally, Defendant argues that Plaintiff's retaliation claim should be dismissed for his failure to allege that he engaged in any protected activity or that such activity had any relation to his termination.  Defendant also argues that Plaintiff's discriminatory discharge claim should be dismissed for failure to allege any circumstances that could give rise to an inference of unlawful discrimination.

For the reasons that follow, this Court determines that Plaintiff's state claims are time-barred.  Plaintiff's federal claims are dismissed because they fail to state a claim upon

---

notified him by letter dated May 24, 2006 that his employment was terminated. The Complaint's mention of March 24, is the only reference to that date, and both parties attached copies of the termination letter dated May 24, 2006 to their motion papers. The Court notes that the question of whether Plaintiff's claims were brought within the statute of limitations is not affected by which date is used.

which relief can be granted.[3]  Accordingly, Defendant's Motion to Dismiss will be granted as to all counts in Plaintiff's Complaint.

## DISCUSSION

**A.   Jurisdiction**

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However,

---

[3] As the federal claims are defective because they fail to state a claim, the Court need not address whether the claims were filed in a timely manner.

"[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937,  2009 WL 1361536, at *16 (May 18, 2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint

4

when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the Plaintiff's claims are based on the document."

**C.   Analysis**

    **1.   Statute of Limitations**

Defendant argues that Plaintiff's claims are barred by the statute of limitations.  However, a limitations defense may only be raised by a motion under Rule 12(b)(6) where

> the time alleged in the statement of a claim
> shows that the cause of action has not been
> brought within the statute of limitations.
> If the bar is not apparent on the face of the
> complaint, then it may not afford the basis
> for a dismissal of the complaint under Rule

12(b)(6).

Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (internal citations and quotes omitted).  The Court must therefore determine as a preliminary matter whether Defendant's arguments regarding the statute of limitations are properly brought as a Rule 12(b)(6) motion.  With respect to its arguments about Plaintiff's NJLAD claims, Defendant relies upon the date of Plaintiff's termination and the date the Complaint was filed, which both appear on the face of the Complaint.[4]

Claims under the NJLAD are governed by a two-year statute of limitations.  See Montells v. Haynes, 627 A.2d 654, 660 (N.J. 1993) (establishing a two year statute of limitations for all NJLAD claims).  A limitations period is triggered when an employer "establish[es] its official position and ma[kes] that position apparent to the employee by explicit notice."  Cologan v. Fisher Scientific Co., 935 F.2d 1407, 1416-17 (3d Cir. 1991).  In the instant case, Plaintiff received notice of his termination on May 24, 2006 by way of a dated letter.  Termination of

---

[4] On the other hand, with respect to its arguments about Plaintiff's Title VII claims, Defendant relies upon EEOC Charge documents that are extraneous to the Complaint.  Thus, Defendant's arguments regarding the timeliness of Plaintiff's NJLAD claims are properly before the Court on this Motion, while its arguments regarding the timeliness of Plaintiff's Title VII claims are not.  The Court will therefore only address the timeliness of Plaintiff's NJLAD claims.

6

Plaintiff's employment was effective immediately and, as a result, his cause of action accrued no later than May 24, 2006. Plaintiff did not file his Complaint, however, until August 6, 2008. The 805 days between Plaintiff's termination and the filing of the Complaint exceed the two year statute of limitations. As such, Plaintiff's NJLAD Claims are barred by the statute of limitations.

Plaintiff disputes that his state claims are time-barred, and he makes an extraneous argument about the circumstances surrounding the filing. Plaintiff asserts that he filed an administrative claim with the EEOC on August 16, 2006, which was within the two-year limitations period. He further, asserts that he was informed by the EEOC that his claims would be filed as both a state and federal charge. Thus, Plaintiff argues that the filing of his administrative complaint means that his NJLAD claims were timely filed. This argument is unavailing.

Unlike Title VII, the NJLAD does not require the claimant to seek an administrative remedy before proceeding with a judicial remedy for his claims. Hernandez v. Region Nine Hous. Corp., 684 A.2d 1385, 1389 (N.J. 1996). While a plaintiff may elect to seek redress administratively instead of, or prior to, seeking judicial redress, the statute of limitations for filing judicial claims is not tolled by the filing of an administrative claim. See Sylvester v. Unisys Corp., 1999 WL 167725, at *6 (E.D. Pa.

Mar. 25, 1999) (holding that "filing a DCR complaint does not toll the statute of limitations for filing an NJLAD suit in court"). Thus, even assuming that the EEOC had initiated a state charge on Plaintiff's behalf with the New Jersey Division on Civil Rights ("NJDCR") according to its worksharing agreement with the NJDCR,[5] this would not change the fact that Plaintiff would have had to withdraw any such administrative charge[6] and file suit prior to the expiration of the two-year limitations period on May 24, 2008. This was not done.

As the statute of limitations for making a judicial claim is the same regardless of whether or not an administrative charge was made, Plaintiff is barred from proceeding with an action filed outside the period of limitations. Plaintiff's claim was not made until this suit was filed on August 6, 2008, past the two year statute of limitations, and his NJLAD claims are therefore barred.[7]

---

[5] The NJDCR has a "worksharing agreement" with the EEOC, under which each agency is designated by the other as an agent for receiving its complaints. Khair v. Campbell Soup Co., 893 F. Supp. 316, 326 n.8 (D.N.J. 1995).

[6] Administrative and judicial remedies are mutually exclusive, so any pending administrative claim must be withdrawn before a lawsuit can be filed. See Hernandez, 684 A.2d at 1388-89.

[7] The Court notes that even if Plaintiff's NJLAD claims were not barred by the statute of limitations, it would decline to continue exercising its supplemental jurisdiction over them under 28 U.S.C. § 1367 in light of the fact the all of Plaintiff's federal claims have been dismissed. See Growth Horizons, Inc. v.

**2.   Plaintiff's Federal Claims**

Plaintiff has alleged two separate violations of Title VII, 42 U.S.C. § 2000e et seq.  As reasoned below, both Plaintiff's retaliatory and discriminatory termination allegations are deficient because they fail to state a claim upon which relief can be granted.

**a.   Plaintiff's National Origin Discrimination Claim**

Plaintiff brings his national origin discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  He claims that he was terminated because of his Nigerian origin.  Defendant moves to dismiss this claim, contending that Plaintiff has not alleged enough facts to support a *prima facie* case of discriminatory termination.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2.  In order to state a *prima facie* case for discriminatory discharge under Title VII, a plaintiff must allege: (1) that he is a member of a protected class; (2) that he is qualified for the position; (3) that he was fired from that position; and (4) that the circumstances of the case give rise to an inference of

---

Delaware County, Pa., 983 F.2d 1277, 1284-85 (3d Cir. 1993) (stating that as the statute makes clear, the decision to exercise supplemental jurisdiction over remaining state law claims pursuant to 28 U.S.C. § 1367 is committed to the discretion of the district court).

unlawful discrimination such as might occur when the position is filled by a person not of the protected class.  Jones v. School Dist. Of Philadelphia, 198 F.3d 403, 411 (3d Cir. 1999); Waldron v. SL Indus., Inc., 56 F.3d 491, 494 (3d Cir. 1995).

In this case, Plaintiff alleges enough facts to satisfy the first three elements of his claim: he is of Nigerian origin, he alleges that "[d]uring his brief tenure with the company, [he] displayed both superior competencies in all network administration support processes and in management," and he was terminated from his position.  However, the fourth element of Plaintiff's claim falls short because he fails to allege circumstances that give rise to an inference of unlawful discrimination.  Plaintiff alleges only that reviews of his work performance were baseless, and that these baseless reviews coupled with his termination would give rise to an inference of discrimination.  The assertion that Plaintiff was terminated despite his adequate work performance, however, cannot satisfy the fourth factor without an intermediate allegation connecting the termination with any circumstance that could be inferred as unlawful discrimination.  See Bullock v. Children's Hosp. of Philadelphia, 71 F. Supp. 2d 482, 490 (E.D. Pa. 1999) (finding a disagreement between an employee's assessment of her job performance and her employer's assessment is not sufficient to raise a presumption of discrimination).  Plaintiff's conclusory

allegation that his termination was a result of discrimination cannot be credited, and is insufficient to demonstrate that he is entitled to discovery to prove his claim. In re Burlington, 114 F.3d at 1429-30 (holding that a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss).

Plaintiff's discrimination claim must be dismissed because he has failed to allege any facts that when taken as true are sufficient to give rise to an inference that his termination was based on his national origin. In other words, Plaintiff's general claim that he was terminated for discriminatory reasons is too broad to put the opposing party on notice of his claims, see Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001), and fails to provide a short and plain statement showing that he is entitled to relief, see Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002) (finding that requirements of Rule 8(a) were satisfied because the petitioner alleged that he had been terminated on account of his national origin in violation of Title VII, detailed the events leading to his termination, provided relevant dates, and included the nationalities of at least some of the relevant persons involved with his termination). Consequently, Plaintiff's discrimination claim must be dismissed.

11

### b. Plaintiff's Retaliation Claim

Plaintiff brings his retaliation claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. He claims that he was terminated in retaliation for having filed an EEO charge against his previous employer. Defendant moves to dismiss this claim on the basis that Plaintiff has not alleged facts to support a *prima facie* case of retaliatory termination.

Title VII provides, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3. To state a *prima facie* case of retaliation under Title VII, a plaintiff must allege that: (1) the employee engaged in an activity protected by Title VII; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1299 (3d Cir. 1997) (citations omitted); see also Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000).

Defendant contends that Plaintiff fails to allege the first factor because the alleged prior EEO activity that Plaintiff

12

engaged in was against a previous employer, not Defendant.[8] Although the Third Circuit has yet to address this issue, the Equal Employment Opportunity Commission ("EEOC") Compliance Manual explicitly states that such charges are protected, and other jurisdictions have reached the same conclusion. See EEOC Complaince Manual § 8-II.C.4 (1998); Nielsen v. New York City Com'n on Human Rights, 1998 WL 20004, at *8 (S.D.N.Y. 1998) ("Title VII prohibits an employer from retaliating against an applicant or employee for exercising his statutory rights, however and wherever those rights were exercised."); Fahie v. New York City Dep't Corr., 737 F. Supp. 15, 17 (S.D.N.Y. 1990) (finding that an EEO complaint against a former employer is the type of protected activity contemplated by Title VII). Accordingly, the Court finds for purposes of this Motion that a viable legal theory is available for retaliation taken against an employee making an EEO complaint, even if it was against a former employer.

Nonetheless, Plaintiff has failed to state a viable claim for retaliation under this theory. Plaintiff has alleged that he engaged in protected activity and that he was terminated by Defendant, satisfying the first and second requirements of a

---

[8] The Complaint does not explicitly state what the prior EEO activity is; however, the "Charge Questionnaire" submitted by Plaintiff indicates that a charge was filed against the FAA in May 2004. (Pl. Ex. 3.)

13

*prima facie* case of retaliation.  However, Plaintiff has failed to state the third element of a *prima facie* case, because he has not alleged any facts capable of demonstrating that a causal link exists between his protected activity and the ultimate termination.

In the Complaint, Plaintiff simply alleges "reprisal for prior EEO activity."  Without more, Plaintiff's allegations are not capable of evidencing a causal link between the first two elements of the *prima facie* case.[9]  Plaintiff has failed to allege that Defendant knew of his EEO charge against the FAA.  A causal link cannot be established between a protected activity and an adverse action if the individual administering the adverse action is unaware of the protected activity.  See Woods v. Bentsen, 889 F. Supp. 179, 188-89 (E.D. Pa. 1995) (finding that the plaintiff failed to establish a causal link because she failed to establish the supervisor acting adversely against her was even aware of an EEOC appeal).  Plaintiff's contention that his protected activity is connected to Defendant's adverse employment activity, without alleging any facts supporting the

---

[9] Although Plaintiff argues in his brief that Defendant has "financial ties to the FAA," this accusation is not properly part of the Complaint, and so may not be considered on a motion to dismiss.  See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994) ("In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.").

notion of causation, is unacceptably conclusory.  See In re Burlington, 114 F.3d at 1429-30 (holding that a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss).  Thus, Plaintiff's retaliation claim must be dismissed for failure to sufficiently allege causation.

## **CONCLUSION**

For the reasons expressed above, Defendants' Motion to Dismiss will be granted as to all counts in Plaintiff's Complaint.

Date: July 22, 2009                s/ Noel L. Hillman
                                   HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey